UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEORGE A. CARTER (#359834)                              CIVIL ACTION NO.

VERSUS                                                               21-738-SDD-SDJ

UNKNOWN HOOPER, ET AL.

## ORDER

Before the Court is a Motion to Stay and Abey Habeas Corpus Petition filed by Petitioner George A. Carter, which requests the Court stay this action.[1] For the following reasons, the Motion will be denied.

Carter filed the instant habeas petition pursuant to 28 U.S.C. § 2254 on or about December 29, 2021.[2] He simultaneously filed the instant Motion requesting that this Court stay this action.[3] In *Rhines v. Weber*,[4] the Supreme Court outlined the standard for granting or denying a stay in a habeas proceeding brought pursuant to § 2254. This Court generally has broad discretion whether to stay proceedings "as an incident to its power to control its own docket."[5] However, a stay in a federal habeas proceeding is only available in limited circumstances because the issuance of a stay could undermine AEDPA's purposes of reducing delays, striving for finality in criminal cases, and encouraging exhaustion of all claims in state court before seeking federal habeas review.[6] A stay and abeyance is appropriate only when the district court determines that there was "good cause" for the failure to exhaust.[7]

---

[1] R. Doc. 4.
[2] R. Doc. 1.
[3] R. Doc. 4.
[4] 544 U.S. 269 (2005).
[5] *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citations omitted).
[6] *Rhines*, 544 U.S. at 276-277.
[7] *Id.* at 277; *see also Young v. Stephens*, 795 F.3d 484, 494-95 (5th Cir 2015) ("A stay and abeyance should be available only in limited circumstances because staying a federal habeas petition frustrates AEDPA's objective of encouraging finality.... and streamlining federal habeas proceedings."), citing and quoting *Rhines*, 544 U.S. at 277.

Here, based upon Carter's Petition and Motion,[8] it appears Carter has exhausted his claims in the state courts before filing the Petition with this Court by proceeding through the State's highest Court on direct appeal and on post-conviction relief, and he merely wants this Court to stay this action so he can seek reconsideration at the state court level.[9] *Rhines* does not contemplate the granting of a stay where claims have already been exhausted; rather a stay is meant to be granted in limited circumstances where good cause exists for a failure to exhaust.[10]  Because, based upon Carter's Motion and Petition, he appears to have already exhausted his claims, his request to stay this matter will be denied.[11]  Accordingly,

**IT IS ORDERED** that the Motion to Stay and Abey Habeas Corpus Petition[12] filed by George A. Carter is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 29, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Docs. 1 & 4.
[9] R. Doc. 4, p. 3 ("Movant prays that this Honorable Court hold his habeas corpus petition in abeyance…until…after the presentation of these claims for reconsideration to his state courts. Should movant not receive any relief in the state courts after a reexamination of said claims, he will be granted 18 days to have the stay lifted off the instant petition….").
[10] *Young*, 795 F.3d at 494-95.
[11] The Court does not opine as to the proper exhaustion of claims at this time, but based upon information presented by Carter, he, at least, believes his claims to be exhausted and has thus failed to provide this Court with a basis for granting a stay.
[12] R. Doc. 4.