# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GEORGE A. CARTER (#359834)**                    **CIVIL ACTION NO.**

**VERSUS**                                        **21-738-SDD-SDJ**

**UNKNOWN HOOPER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 27, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**GEORGE A. CARTER (#359834)**                    **CIVIL ACTION NO.**

**VERSUS**                                                         **21-738- SDD-SDJ**

**UNKNOWN HOOPER, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before this Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by George A. Carter, who is representing himself.[1] The State argues that Petitioner's claims are time barred under 28 U.S.C. § 2244(d) and that he has failed to exhaust his state court remedies pursuant to 28 U.S.C. 2254(b)(1).[2] Pretermitting the issues of timeliness and exhaustion, the merits of Petitioner's claims have been considered and found not to have merit.[3] There is no need for oral argument or for an evidentiary hearing.

I.    **PROCEDURAL HISTORY**

On October 5, 2011, Petitioner was charged by bill of information in the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana, with one count of armed robbery by use of a firearm, a violation of Louisiana Revised Statutes 14:64 and 14:64.3 and with being a convicted felon in possession of a firearm or carrying a concealed weapon, a violation of Louisiana

---

[1] R. Doc. 1. Documents filed in the record of this case are referred to as "R. Doc. __."
[2] Doc. 14, pp. 5-7.
[3] *See Ramey v. Lumpkin,* 7 F.4th 271 (5th Cir. 7/29/2021).

Revised Statute 14:95.1.[4] After pleading not guilty to the charges,[5] the matter proceeded to a trial

by jury, and the jury found Petitioner guilty as charged on both counts.[6] The district court denied

Petitioner's motions for new trial, post-verdict judgment of acquittal, and arrest of judgment.[7] On

December 11, 2013, Petitioner was sentenced to imprisonment at hard labor for ninety-nine years

for the armed robbery conviction, an additional five years at hard labor pursuant to La. R.S. 14:64.3,

and twenty years at hard labor for the felon in possession of a firearm conviction.[8] The district court

ordered that all of the sentences were to be served consecutively.[9]

Petitioner appealed, urging in part that the trial court erred in denying his motion to suppress

identification evidence resulting from a photographic lineup.[10] Pursuant to this lineup, Robert

Carter, a security guard who was on duty the night of the armed robbery, positively identified

Petitioner and his codefendant, Travis Isaac, as being two of the three perpetrators involved in the

robbery that occurred on July 19, 2011, at a convenience store and casino in New Roads,

Louisiana.[11] Robert Carter also positively identified the defendant as the one who held him at

gunpoint.[12] The Louisiana First Circuit Court of Appeal, State of Louisiana, concluded that "the

trial court did not abuse its discretion in determining that the identification evidence, including the

---

[4] R. Doc. 12-9, p. 36; R. Doc. 12-14, p. 25. The bill of information also set forth that Petitioner unlawfully possessed a .45 auto pistol and 9mm handgun, after having been previously convicted of possession of cocaine, in violation of La. R.S. 40:967(A) on June 1, 2005. R. Doc. 12-9, p. 36. An amended bill of information additionally set forth that Petitioner had also been convicted of First-Degree Robbery on October 5, 1995, and that the "10 year cleansing period for both prior felony offense[s] had not elapsed at the time of the June 19, 2011, possession (sic)." R. Doc. 12-14, p. 25. While the bill of information and amended bill of information referenced the charge of "armed robbery," it did not specifically reference the statutory authority of La. R. S. 14:64.
[5] R. Doc. 12-9, p. 13.
[6] R. Doc. 12-10, pp. 69-70.
[7] R. Doc. 12-2, p. 71 and R. Doc. 12-8, p. 97-133.
[8] R. Doc. 12-8, pp. 128-133.
[9] R. Doc. 12-8, p. 133.
[10] *State v. Carter*, 167 So.3d 970, 972-75 (1st Cir. 3/25/2015).
[11] *Id*.
[12] *Id*. at 974-975.

photographic lineup, was sufficiently trustworthy to warrant being admitted into evidence and considered by the jury."[13]

On appeal, Petitioner also argued that the photographic lineup was overly suggestive and that the evidence that the State presented was insufficient to support the convictions against him.[14] Petitioner did not contend that an armed robbery was not committed, but only that he did not commit it.[15] After reviewing the entirely of the evidence, the First Circuit concluded, "[W]e cannot say that the determination of the jury was irrational under the facts and circumstances presented to them" and it further concluded "that the evidence negate[d] any reasonable probability of misidentification and support[ed] the finding of guilt."[16]

The First Circuit affirmed Petitioner's convictions. However, due to a sentencing error, Petitioner's sentences were vacated, and the matter was remanded for resentencing.[17] On remand, the trial court re-imposed the original sentences, which were again ordered to be served consecutively.[18] Petitioner again appealed, challenging alleged fines imposed by the district court.[19] The First Circuit found the district court had not imposed any fines, but amended the conviction under count two to include a fine in the amount of $1,000.00.[20] Petitioner applied for a writ of certiorari, which the Louisiana Supreme Court did not consider.[21]

Petitioner next filed a pro se application for post-conviction relief, which was denied by the 18th JDC on October 14, 2020.[22] The First Circuit denied Petitioner's application for supervisory

---

[13] *Id*. at 975.
[14] *Id*. at p. 975-76.
[15] *Id*. at p. 976.
[16] *Id*. at p. 978.
[17] *Id*. at 980.
[18] R. Doc. 12-15, pp. 81-82.
[19] *State v. Carter*, 2016 KA 1078 (La. App. 1st Cir. 12/22/16), 210 So.3d 306.
[20] *Id*. at 310.
[21] *State ex rel. Carter*, 2017-0399 (La. 4/24/2017), 219 So.3d 1100. The Louisiana Supreme Court found it was untimely pursuant to La. S.Ct. Rule X, § 5.
[22] R. Doc. 12-4, pp. 6-7.

writs,[23] and subsequently, the Louisiana Supreme Court likewise denied his application for supervisory writs.[24]

Petitioner then filed the instant Petition.[25] Therein he urges:1) the bill of information failed to specifically charge him with committing the offense of armed robbery in that it did not specifically reference La. R.S. 14:64, and without that reference, the additional penalty imposed pursuant to La. R.S. 14:64.3 was invalid (Claims 1, 3, 4, 5, and Part of 7)[26]; 2) he is actually innocent, referencing "the DNA evidence" and inconclusive "forensic proof" used at trial (Claims 2 and Part of 7)[27]; 3) his equal protection and due process rights have been violated by the unconstitutional application of La. R.S. 14:95.1, asserting the prosecution did not establish this case involved a "physical weapon" (Claim 6)[28]; and 4) he received ineffective assistance of counsel as a result of: a) counsel's failure to object to the indictment's failure to reference La. R.S. 14:64 during trial and on appeal, and b) due to trial counsel's failure to object to "new identification testimony," purportedly asserting the pre-trial testimony of Detective Shael Stringer was different than his testimony at trial. (Claim 8).[29]

## II.    LAW AND ANALYSIS

### A.  Standard of Review

Under 28 U.S.C. § 2254(d), an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has decided on the merits unless the decision has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[23] R. Doc. 12-4, pp. 25-26; *State v. Carter*, 2021-0313 (La. App. 1st Cir. 5/24/21), 2021 WL 2080033 (unpublished).
[24] R. Doc. 12-4, p. 71; *State v. Carter*, 2021-00948 (La. 10/12/21), 325 So.3d 1072.
[25] R. Docs. 1 and 3.
[26] R. Doc. 1-2, pp. 6-7 and 9-13, and 17-19.
[27] R. Doc. 1-2, pp. 7 and 20.
[28] R. Doc. 1-2, pp. 13-17.
[29] R. Doc. 1-2, pp. 23-32. Petitioner asserts trial counsel failed to object to statements made during the opening arguments at trial (R. Doc. 1-2, p. 26) and trial counsel's brief was "written as if armed robbery [was] charged." (R. Doc. 1-2, p. 23).

established Federal law, as determined by the Supreme Court of the United States; or (2) is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[30] Relief is authorized if a state court arrived at a conclusion contrary to that reached by the Supreme Court on a question of law or if the state court decided a case differently than the Supreme Court on materially indistinguishable facts.[31] Mere error by the state court or this Court's disagreement with the state court decision is not enough; the standard is one of objective reasonableness.[32] State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence.[33]

"For each claim governed by AEDPA's relitigation bar, ... we must train our attention on the last related state-court decision that provides a relevant rationale to a particular claim."[34] Identifying the proper state-court decision to analyze occurs on a claim-by-claim basis.[35] However, the state court need not expressly address each claim.[36] Because state courts frequently "fail to address separately [claims] that the court has not simply overlooked," there is a rebuttable presumption that the claim was adjudicated on the merits.[37]

All of Petitioner's claims were summarily denied pursuant to the 18th JDC's denial of Petitioner's PCR application.[38] Thus, that decision is the last related state court decision, applying the rebuttable presumption that these claims were adjudicated on the merits.

---

[30] *Hunter v. Boutte*, No. 19-327, 2022 WL 4548806, at *4 (M.D. La. Aug. 29, 2022), *report and recommendation adopted,* No. 19-00327, 2022 WL 4543172 (M.D. La. Sept. 28, 2022).
[31] *Williams v. Taylor*, 529 U.S. 362, 413 (2000).
[32] *Id. See also Williams*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable").
[33] 28 U.S.C. § 2254(e)(1).
[34] *Wooten v. Lumpkin*, 113 F.4th 560, 566 (5th Cir. 2024).
[35] *Id*. at 568.
[36] *Id*.
[37] *Id*.
[38] R. Doc. 12-2, pp. 1-87; R. Doc. 12-4, pp. 6-7.

### B. Claims One, Three, Four, Five, and Part of Claim Seven (Sufficiency of the Bill of Information)

Under claims one, three, four, five, and part of seven, Petitioner urges that the state violated his constitutional rights by failing to expressly charge him with violating La. R.S. 14:64.[39] He asserts the bill of information must charge La. R.S. 14:64 before La. R.S. 14:64.3 can act as an enhancement.[40] He contends that, in his case, a "two count" verdict, addressing the bill of information's reference to La. R.S. 14:64.3[41] and La. R.S. 14:95.1[42], was improperly used to support the imposition of a sentence based on the violation of three different statutory provisions.[43]

The sufficiency of a state indictment or bill of information is not a matter for federal *habeas corpus* relief unless the charging instrument was so defective that the convicting court had no jurisdiction such that a valid state conviction could not result from the facts provable under the

---

[39] R. Doc. 1-2, pp. 6-7, 9, 19-20. Louisiana Revised Statutes 14:64 provides:

    A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

    B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.

[40] R. Doc. 1-2, pp. 9-13.

[41] Louisiana Revised Statutes 14:64.3(A) provides:

    When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.

[42] Louisiana Revised Statutes 14:95.1(A)(1) provides, in pertinent part:

    It is unlawful for any person who has been convicted of … a crime of violence … or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, … to possess a firearm or carry a concealed weapon. (Footnote omitted).

[43] R. Doc. 1-2, p. 13. Petitioner also generally asserts the verdict forms issued to the jury did not reference La. R.S. 14:64.3. *Id*., p. 12. The verdict forms do not comprise part of the state record filed with this court, and thus the exact language appearing thereon is unclear. However, the jury delivered a precise verdict, which was, "armed robbery, guilty. Possession of a firearm by a convicted felon, guilty." R. Doc. 12-8, p. 88; R. Doc. 12-9, p. 29. Even if Petitioner's contention regarding the verdict form not referencing La. R.S. 14:64.3 is accepted, there is no federal constitutional violation resulting therefrom upon which habeas relief might be granted. Formulaic mistakes in the jury verdict form constitute harmless error where the errors do not affect the petitioner's substantial rights. *See Green v. Cooper*, 2012 WL 6924530, No. 12-955, *7 (E.D. Nov 5, 2012). Petitioner was indisputably charged in the bill of information with "armed robbery" and a violation of La. R.S. 14:64.3. Further, the jury rendered an unambiguous verdict. Accordingly, Petitioner's claim regarding an alleged deficiency in the jury verdict form in no way establishes that the state courts' decision was contrary to or an unreasonable application of clearly established federal constitutional precedent. *Id*. Petitioner is not entitled to relief based on this claim.

instrument under any circumstances.[44] In Louisiana, the bill of information serves to "inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence."[45] As provided by La. Code Crim P. art. 464:

> The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. **Error in the citation or its omission shall not be grounds for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.**

> [Emphasis added.]

Here, the bill of information charged Petitioner, as follows, in pertinent part:[46]

> COUNT #1: ARMED ROBBERY – ADDITIONAL PENALTY, La. RS 14:64:3
> COUNT #2: CONVICTED FELON POSSESSING A FIREARM OR CARRRYING A CONCEALED WEAPON, La. RS 14:95.1

> Count 1: ON OR ABOUT JULY 19, 2011, … [Petitioner] committed the offense of R.S. 14:64.3 ARMED ROBBERY; USE OF FIREARM; ADDITIONAL PENALTY, by committing an armed robbery when the dangerous weapon used in the commission of the crime of armed robbery is a firearm.

> Count 2: ON OR ABOUT JULY 19, 2011, … [Petitioner] committed the offense of R.S. 14:95.1 CONVICTED FELON POSSESSIONG A FIREARM OR CARRYING A CONCEALED WEAPON ….

The state courts were presented with Petitioner's challenge to the bill of information, and in denying relief on these claims, necessarily, albeit implicitly, found that it properly conferred jurisdiction upon the state trial court.[47] To the extent the state courts found the charging document was legally

---

[44] *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994); M*cKnight v. Moore*, No. 15-2195, 2016 WL 6126691, at *4 (E.D. La. Aug. 11, 2016), *report and recommendation adopted,* No. 5-2195, 2016 WL 6124210 (E.D. La. Oct. 20, 2016).
[45] *State v. Lee*, 39,088 (La. App. 2 Cir. 10/27/04), 888 So.2d 305, 307.
[46] R. Doc. 12-9, p. 36 (original bill of information) and R. Doc. 12-14, p. 25 (amended bill of information).
[47] *McKnight v. Moore*, No. 15-2195, 2016 WL 6126691, at *4; *Carr v. Goodwin*, No. 21-03236, 2023 WL 3216773, at *6–7 (W.D. La. Apr. 3, 2023), *report and recommendation adopted,* No. 21-03236, 2023 WL 3214530 (W.D. La. May 2, 2023).

sufficient as a matter of state law, the federal courts have no authority to overrule or second-guess the state courts' rulings on the interpretation or application of their own procedural rules.[48]

Moreover, it is clear Petitioner was not misled as to the nature of the charges against him. While the bill of information did not expressly reference La. R.S. 14:64, the language of the bill of information referenced "armed robbery" four times. Additionally, the bill of information specifically referenced La. R.S. 14:64:3.[49] This statutory provision likewise references the crime of armed robbery multiple times. Thus, the bill of information was sufficient to put Petitioner and his counsel on notice of the charges against him and for them to prepare his defense.[50] Petitioner is not entitled to federal habeas corpus relief on these claims.

### C.  Claim Two and Part of Claim Seven (Actual Innocence)

In support of his "actual innocence" claim, Petitioner states the following, in pertinent part, "Relator follows the D.N.A. evidence the prosecutor used at trial. However, relator brings this claim of factual and actual innocence through [AEDPA]."[51] Further, Petitioner states, in part:

> In this [regard] actual innocence means factual innocent [sic]. Yet the forensic proof was … inconclusive…. Thus, all the evidence considered together, proves that [he] was actually innocent. See also [House v. Bell, 547 U.S. 518 (2006)].[52]

---

[48] *Id.*
[49] Louisiana Revised Statutes 14:64.3 provides:
  A. When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.
  B. When the dangerous weapon used in the commission of the crime of attempted armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:27 and 64.
[50] *Dowl v. Prince*, 2011 WL 3652386, No. 11-0417, *7 (E.D. July 27, 2011).
[51] R. Doc. 1-2, p. 7.
[52] R. Doc. 1-2, p. 20.

The Supreme Court has held that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."[53] To be credible, a claim of actual innocence requires a petitioner to support his allegations of constitutional error with new reliable evidence - "whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."[54] Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.[55] !

! Here, this Court has not treated any of Petitioner's claims as defaulted. More significantly, however, Petitioner has not referenced any new evidence to establish he is actually innocent of the crimes of which he was convicted, i.e., armed robbery by use of a firearm and of being a convicted felon in possession of a firearm or carrying a concealed weapon. While Petitioner only generally asserts the forensic evidence produced at trial did not establish his guilt, this Court finds no error in the state court's determinations that the evidence supported the jury's finding of guilt. Thus, Petitioner's claim of actual innocence is without merit.

### D. Claim Six (Unconstitutional Application of La. R.S. 14:95.1)

Pursuant to this claim, Petitioner asserts his equal protection and due process rights have been violated by the unconstitutional application of La. R.S. 14:95.1, asserting the prosecution did not establish this case involved a "physical weapon."[56] Here, Petitioner claims that La. R.S. 14:95.1 was found "unconstitutional" by an "Orleans Parish Criminal District Court" in light of 2012 La. Acts 874 (2012), which amended La. Const. art. I, § 11.[57]

---

[53] *McQuiggins*, 569 U.S. 383, 395 (2013); *House v. Bell*, 547 U.S. at 536.
[54] *Schlup v. Delo*, 513 U.S. 299, 324 (1995).
[55] *Id.*
[56] R. Doc. 1-2, pp. 13-17.
[57] R . Doc. 1-2, p. 15.

What Petitioner does not recognize, however, is that following the Orleans Parish district court's ruling, the Louisiana Supreme Court on direct review upheld the constitutionality of La. R.S. 14:95.1, as amended.[58] Prior to the amendment, Article 1, § 11 provided that "[t]he right of each citizen to keep and bear arms shall not be abridged, but this provision shall not prevent the passage of laws to prohibit the carrying of concealed weapons on the person." After the 2012 amendment, the provision reads: "The right of each citizen to keep and bear arms is fundamental and shall not be infringed. Any restriction of this right shall be subject to strict scrutiny."

Citing *State v. Amos*, 343 So.2d 166 (La. 1977), the *Draughter* court noted that, prior to the 2012 amendment, a person's right to keep and bear arms could be regulated "in order to protect the public health, safety, morals or general welfare so long as that regulation is a reasonable one."[59] Under the 2012 amendment, however, the standard was expressly heightened to a strict scrutiny standard. The Court framed the limited question before it as follows: "whether La. R.S. 14:95.1 unconstitutionally infringes upon [the defendant's] right to possess a firearm as a convicted felon who was still under the state's supervision, but was no longer in its physical custody."[60] The Court found no infringement, holding the statute to be constitutional.

As explained in *State v. Eberhardt*, 13-2306, p. 7 (La. 7/1/14), 145 So.3d 377, 382, the *Draughter* court's ruling was based on its finding that "the State has a compelling interest in regulating convicted felons still under the State's supervision, and LSA–R.S. 14:95.1 is narrowly tailored to achieve that interest."[61] The *Draughter* court found that La. R.S. 14:95.1 survived strict scrutiny and was not an unconstitutional infringement of the defendant's right to bear arms,

---

[58] *State v. Draughter*, 130 So.3d 855, 868 (La 12/10/13),
[59] *Id.*, 13-0914, p. 8, 130 So.3d at 862.
[60] *Id.*, 13-0914, pp. 15–16, 130 So.3d at 867.
[61] *State v. Eberhardt*, 145 So.3d at 382.

pursuant to Article I, Section 11, as applied to the narrow fact situation presented in that case."[62] The *Eberhardt* Court expanded the holding of *Draughter* to apply to the defendants then before the Court, "who had completed all aspects of their prior sentences and were no longer under State supervision when they were arrested on subsequent offenses."[63] Even under those circumstances, where the defendants had completed their sentences, the court "uph[eld] the validity [and applicability] of LSA–R.S. 14:95.1."[64]

Here, Petitioner stipulated during trial that he had plead guilty to First-Degree Robbery on October 5, 1995, and that on June 1, 2005, he had plead guilty to Possession of Cocaine, thereby supporting the jury's finding that he was a convicted felon at the time of the July 19, 2011 armed robbery. Further, Petitioner's contention that the prosecution did not establish his conduct in the 2011 robbery involved a physical weapon has no merit. The testimony of Robert Carter and Detective Stringer, who assisted in the armed robbery investigation, established that Robert Carter clearly identified Petitioner as being the assailant that held him at gunpoint.[65] Thus, the evidence at trial clearly established Petitioner was a convicted felon in possession of a firearm at the time of the 2011 robbery in violation of La. R.S. 14:95.1. Accordingly, there is no basis upon which habeas relief might be granted.

### E. Claim Eight (Ineffective Assistance of Counsel)

Petitioner asserts he did not receive effective assistance of counsel because trial counsel did not object to the State's: 1) failure to specifically charge a violation of La. R.S. 14:64; 2) references to the crime of armed robbery during the trial; and 3) introduction of new identification testimony

---

[62] *Id.*
[63] *Id.*, 13-2306, p. 8, 145 So.2d at 383.
[64] *Id.*, 13-2306, pp. 12-16, 145 So.2d at 385-388.
[65] *State v. Carter*, 167 So.3d at 974-975, 977-978; R. Doc. 12-7, pp. 46-47 and 143-154.

during trial.[66] Petitioner implicitly contends that, but for his counsel's errors, there is a reasonable probability the outcome of his trial would have been different.[67]

A habeas petitioner who asserts he was provided with ineffective assistance of counsel must meet the *Strickland* standard by affirmatively showing that: (1) his counsel's performance was "deficient", *i.e.*, counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and (2) the deficient performance prejudiced his defense, *i.e.*, that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial in which the result is reliable.[68] The petitioner must make both showings in order to obtain habeas relief based upon the alleged ineffective assistance of counsel.[69]

Even if Petitioner could prove deficient performance of trial counsel, his petition nonetheless must affirmatively demonstrate prejudice resulting from the alleged errors.[70] To satisfy the prejudice prong of the *Strickland* test, it is not sufficient for the petitioner to show that the alleged errors had some conceivable effect on the outcome of the proceeding.[71] Rather, the petitioner must show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.[72] The habeas petitioner need not show that his counsel's alleged errors "more likely than not" altered the outcome of the case; he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome."[73] A habeas petitioner must "affirmatively prove," not just allege prejudice.[74] Both the *Strickland* standard for

---

[66] R. Doc. 1-2, pp. 23-34. Petitioner complains that trial counsel did not object to the prosecutor's "statements that changed the statue originally charged" during opening argument, presumably referring to the prosecution's references to "armed robbery." R. Doc. 1-2, p. 26.
[67] R. Doc. 1-2, p. 28.
[68] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[69] *Id*.
[70] *Earvin v. Lynaugh*, 860 F.2d 623, 627 (5th Cir. 1988).
[71] *Strickland*, 466 U.S. at 693.
[72] *Martin v. McCotter*, 796 F.2d 813, 816 (5th Cir. 1986).
[73] *Id*. at 816-17.
[74] *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009).

ineffective assistance of counsel and the standard for federal habeas review of state court decisions under 28 U.S.C. § 2254(d)(1) are highly deferential, and when the two apply together, the review by federal courts is "doubly deferential."[75]

With respect to Petitioner's contention that counsel was ineffective by failing to object to the bill of information and the State's references to "armed robbery" during the trial, these challenges by Petitioner's attorney would have resulted, at most, in an amendment to the charging document to cure the noted deficiency, thereby achieving, if anything, a mere delay in the trial and resulting in no prejudice in fact to the Petitioner.[76] This contention has no merit warranting habeas relief.

Regarding Petitioner's contention that his trial counsel failed to object to new identification testimony, Petitioner asserts, "[t]he pre-trial testimony of Detective Stringer only used the phrase – reliable informant –('C.I')", while Detective Stringer's trial testimony specifically referenced Malcom Isaac.[77] He further asserts that Detective Stringer changed the facts during trial but counsel did not object.[78] Petitioner asserts Detective Stringer's testimony was the only evidence that could have been used to place him near the casino robbery.[79] Thus, he asserts that he was prejudiced by his trial counsel's deficient performance.

The trial record does not support Petitioner's contention that Detective Stringer's testimony was the only witness whose testimony connected him to the scene of the casino robbery. More

---

[75] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).
[76] *Coleman v. Myers*, No. 22-0425, 2022 WL 3975001, at *6 (E.D. La. Aug. 15, 2022), *report and recommendation adopted,* No. 22-425, 2022 WL 3924327 (E.D. La. Aug. 31, 2022); *See State v. James*, 305 So. 2d 514, 518 (La. 1974) (noting that an objection prior to trial or at trial could have secured an amendment to the charging document). *See also Tarver v. Cain*, 2007 WL 677171, *10 (W.D. La. Feb. 2, 2007) (finding no prejudice resulting from an attorney's failure to challenge an indictment because the prosecution simply could have "amended the indictments to cure any alleged defects").
[77] R. Doc. 1-2, pp. 31-32.
[78] R. Doc. 1-2, p. 31.
[79] R. Doc. 1-2, p. 32.

significantly, Robert Carter, the security guard who was on duty the night of the robbery positively identified Petitioner as one of the three men who committed the armed robbery.[80] As such, Petitioner has not shown with reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Any error that might have resulted from trial counsel's performance did not result in prejudice to Petitioner because, based on Robert Carter's testimony alone, reasonable jurists would not have debated the correctness of the finding that Petitioner was the perpetrator who held Robert Carter at gunpoint. An error requires habeas relief only if it "'had [a] substantial and injurious effect or influence in determining the jury's verdict.'"[81] The undersigned finds no such error here. Thus, Petitioner is not entitled to habeas relief based on his claim(s) of ineffective assistance of counsel.

### III.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[82] Although Petitioner has not yet filed a Notice of Appeal, the Court may address whether he would be entitled to a certificate of appealability.[83] Here, a certificate of appealability should be denied.

A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[84] In cases where the federal court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was

---

[80] R. Doc. 12-7, p. 143 and 146
[81] *Brecht v. Abrahamson,* 507 U.S. 619, 638 (quoting *Kotteakos v. United States,* 328 U.S. 750 (1946)).
[82] 28 U.S.C. § 2253(c)(1)(A).
[83] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[84] 28 U.S.C. § 2253(c)(2).

correct in its procedural ruling."[85] In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[86] Here, reasonable jurists would not debate the denial of Petitioner's habeas application or the correctness of the substantive rulings.

## IV.    RECOMMENDATION

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus[87] filed by Petitioner George A. Carter be **DENIED,** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on February 27, 2025.


_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[85] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).
[86] *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).
[87] R. Docs. 1 and 3.